IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN T. GREEN TIMOTHY CROWLEY,
WILLIAM McDOUGAL, TERRY ANDERSON and
CURTIS SINGLETON,                                                    ORDER

                                    Plaintiffs,                       10-cv-745-slc

            v.

GREGORY GRAMS, Warden, JIM DOYLE, Governor,
KURT SCHWEBKE, JERRY MAIER, RICK RAEMISCH,
Secretary, JANE DOES 1-12 and JOHN DOES 1-12,

                                    Defendants.

---

This is a group action brought by plaintiffs named in the caption of the complaint, each of whom is an inmate at the Columbia Correctional Institution, alleging violations of their constitutional rights. However, it is unclear which plaintiffs truly wish to be involved with this action. Only plaintiff Damien Green has signed the complaint. Plaintiffs Timothy Crowley and Damien Green filed an amendment to the complaint, however it appears that plaintiff Green signed Timothy Crowley's name on this amendment as plaintiff Crowley's motion to proceed *in forma paupers* bears a different signature. Plaintiff William McDougal has not filed any documents in this case. Plaintiffs Damien Green, Curtis Singleton and Timothy Crowley have filed motions for leave to proceed *in forma pauperis* and plaintiff Green has submitted a trust fund account statement. Therefore, I will construe the complaint to include a request to proceed *in forma pauperis* on behalf of each plaintiff.

Although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing

the action.  *Boriboune v. Berge*, 381 F.3d 852, 856 (7th Cir. 2004).  A decision on the requests will be delayed until each plaintiff makes an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act and until each plaintiff confirms, that he wishes to prosecute his action in a group complaint, understanding the consequences of doing so as explained in this order.

From plaintiff Green's trust fund account statement, I conclude that he must pay $1.09 as an initial partial payment of the $350 fee for filing his complaint.  If he does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.

Plaintiffs Crowley, McDougal, Anderson and Singleton have neither signed the complaint nor submitted trust fund account statements.  An initial partial payment cannot be calculated for each plaintiff at this time because they have not submitted the necessary trust account statement.  The complaint in this case was submitted on November 29, 2010. Therefore, plaintiffs' trust fund account statements should cover the six-month period beginning approximately May 30, 2010 and ending approximately November 29, 2010.  Once plaintiffs have each submitted the necessary statement and signed complaint, I will calculate each plaintiff's initial partial payment and advise that plaintiff of the amount he will have to pay before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2).

Plaintiffs should be aware that when two or more prisoners join their claims in one lawsuit, each prisoner who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally.  The court is required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the

2

action on a finding that the action is frivolous, malicious or fails to state a claim upon which relief may be granted.  Therefore, each plaintiff assumes the risk of incurring a strike if any one claim relating to any other plaintiff warrants a strike under § 1915(g).  In addition, each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf.  He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are imposed as to any aspect of the case.

In screening the complaint, the court will consider whether the action of one plaintiff should be separated from the action of the other plaintiff.  If it decides separation (or severance) is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because each plaintiff did not sign the complaint and may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit.  Any prisoner who does not withdraw will be required to sign the complaint and make an initial payment of the $350 fee for filing the action whether he prosecutes the case separately or with other plaintiffs.  A copy of the complaint is being retunred to plaintiffs Crowley, McDougal, Anderson and Singleton along with his copy of this order.

Should a plaintiff choose to withdraw from the lawsuit, he will not have to pay the $350 filing fee.  Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

3

ORDER

IT IS ORDERED that

1.      Each plaintiff may have until January 20, 2011, in which to advise the court whether he wishes to prosecute this action jointly.

2.      If plaintiffs decide to proceed with the action

        a.      Plaintiffs Crowley, McDougal, Anderson and Singleton may have until January 20, 2011, in which to submit a signed complaint and a trust fund account statement for the period beginning May 30, 2010 and ending approximately November 29, 2010.

        b.      Plaintiff Green may have until January 20, 2011, in which to submit a check or money order made payable to the clerk of court in the amount of $1.09.

3.      If, by January 20, 2011, any plaintiff fails to respond to this order as directed, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 17th day of December, 2010.

                        BY THE COURT:

                        /s/

                        STEPHEN L. CROCKER
                        Magistrate Judge

4