IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN T. GREEN, TIMOTHY CROWLEY,
and CURTIS SINGLETON,

                  Plaintiffs,

  v.

GREGORY GRAMS, Warden, JIM DOYLE, Governor,
KURT SCHWEBKE, JERRY MAIER, RICK RAEMISCH,
Secretary, JANE DOES 1-12 and JOHN DOES 1-12,

                  Defendants.

ORDER

10-cv-745-slc

---

On December 22, 2010, the court received a notice of voluntary dismissal from Curtis Singleton (dkt. #8) in this group action brought by plaintiffs in regards to the conditions of confinement at the Columbia Correctional Institution. In response to Singleton's notice of voluntary dismissal, the court terminated him as a plaintiff in this case. Now, Singleton has submitted a letter requesting his reinstatement as a plaintiff in this lawsuit. Plaintiff's request to be reinstated as a plaintiff in this lawsuit will be granted.

Next, I must address plaintiff's request for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee. The initial partial payment is calculated by using the method established in 28 U.S.C. § 1915. That is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement. From plaintiff Singleton's statement, I have calculated his initial partial payment to be $0.65. If plaintiff Singleton does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or

all of the assessment from his release account. This does not mean that plaintiff Singleton is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $0.65 initial partial payment. Before prison officials at take any portion of that amount from plaintiff Singleton's release account, they may first take from his regular account whatever amount up to the full amount he owes. Plaintiff Singleton should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

In addition, plaintiff Singleton has not signed the complaint as required by Fed. R. Civ. P. 11. He may have until March 2, 2011 to sign the last page of the complaint and return it to the court. If plaintiff Singleton fails to respond by March 2, I will dismiss him from this case. With regard to future filings in this case, plaintiffs Green, Crowley and Singleton are reminded of the rules governing communications with the court and parties to the lawsuit. Those rules are listed in a book titled "Federal Civil Judicial Procedure and Rules." In particular, plaintiffs are directed to Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party, and Rule 11, which requires a signature on every pleading, written motion and other paper. All plaintiffs are equally responsible for the prosecution of this lawsuit. Any document that purports to state the position of all plaintiffs must be *signed* by all plaintiffs. If a plaintiff intends to file a document on his behalf only, that plaintiff must provide a copy of the document to the other plaintiff and indicate that he has served all parties in the case, or his filing will not be considered.

In another matter, plaintiff Timothy Crowley has filed a motion for use of release account funds so that he may pay his initial partial filing fee in this case (dkt. #17). From the return

address on plaintiff Crowley's envelope, it appears that he is now located at Wisconsin Resource Center in Winnebago, Wisconsin. In an order dated January 22, 2011, I assessed plaintiff Crowley an initial partial payment of the filing fee in the amount of $16.01 and gave him until February 11, 2011, in which to make the payment. Plaintiff's motion states that the inmate account office at the Wisconsin Resource Center has denied his request to have the $16.01 initial partial payment of the filing fee in this case sent to the court. Attached to plaintiff's motion are two "Interview/Information Request" forms showing that on January 30, 2011 and January 31, 2011, plaintiff sent requests to the inmate account office asking prison officials to send plaintiff's initial partial payment to this court. Plaintiff's request was denied by the inmate account office because they required a "direct order to WRC from the court". Plaintiff Timothy Crowley's motion will be granted. It is ordered that if sufficient funds do not exist in plaintiff Timothy Crowley's regular account to pay his $16.01 initial partial payment, then the inmate account office at the Wisconsin Resource Center is to use plaintiff's release account to pay the remainder of the assessed amount. Before prison officials at take any portion of that amount from plaintiff Crowley's release account, they may first take from his regular account whatever amount up to the full amount he owes. Plaintiff's deadline for paying his initial partial filing fee in this case is approaching quickly, so plaintiff will be granted an extension of time until March 2, 2011 in which to pay the $16.01 initial partial payment. Plaintiff Crowley should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

3

ORDER

IT IS ORDERED that

1. Plaintiff Curtis Singleton's request to be reinstated as a plaintiff in this lawsuit, dkt. #15, is GRANTED. Plaintiff Singleton may have until March 2, 2011, in which to submit a signed complaint and submit $0.65 as an initial partial payment of the $350 fee for filing this case. If, by March 2, plaintiff Singleton fails to submit a signed complaint and make the initial partial payment, he will be held to have withdrawn this action voluntarily.

2. Plaintiff Timothy Crowley's motion for use of release account funds, dkt. #17, is GRANTED. Plaintiff Timothy Crowley may have an enlargement of time, until March 2, 2011, in which to submit a check or money order payable to the clerk of court in the amount of $16.01 as an initial partial payment of the $350 filing fee for this case. If sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, then the inmate account office at the Wisconsin Resource Center is to use plaintiff's release account to pay the remainder of the assessed amount. If, by March 2, 2011, plaintiff Crowley fails to make the initial partial payment, he will be held to have withdrawn this action voluntarily.

Entered this 13th day of February, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge