IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN T. GREEN TIMOTHY CROWLEY,
and CURTIS SINGLETON,

                    Plaintiffs,                                 ORDER

          v.                                              10-cv-745-slc

GREGORY GRAMS, Warden, JIM DOYLE, Governor,
KURT SCHWEBKE, JERRY MAIER, RICK RAEMISCH,
Secretary, JANE DOES 1-12 and JOHN DOES 1-12,

                    Defendants.

---

        This is a proposed civil action in which plaintiffs Damien T. Green, Timothy Crowley and

Curtis Singleton allege that they are being denied their constitutional rights.  Green, Crowley

and Singleton ask for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915.

From the financial affidavits they have given the court, the court concludes that  they are  unable

to prepay the full fee for filing this lawsuit.  Green, Crowley and Singleton[1] have each made the

initial partial payment required under § 1915(b)(1).

        The next step is determining whether the proposed action:  (1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Before this complaint can

be screened, however, Green and Crowley need to file an amended complaint to remedy their

failure to comply with Fed. R. Civ. Pro. 8 and 20.

---

        [1] Singleton now advises that he wishes to withdraw from this action.  Therefore, his claims will
not be considered.

FACTS

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  In their complaint, Green, and Crowley allege these facts, which the court assumes to be true for the sole purpose of this screening order:

- Plaintiff Damien Green is currently incarcerated at the Columbia Correctional Institution and Timothy Crowley is currently incarcerated at the Wisconsin Resource Center.

- Defendant Gregory Grams is the warden at the Columbia Correctional Institution.

- Defendant Kurt Schwebke is the head of the psychology department at the institution and defendant Jerry Maier is the head psychiatrist.

- Defendant Rick Raemisch is the secretary of the Wisconsin Department of Corrections and James Doyle was the governor of Wisconsin.

- Defendants Jane and John Does had different positions at the Columbia Correctional Institution.

- In August 2010, when Green, who has a mental illness, was incarcerated at the Wisconsin Secure Program Facility, he suffered a panic attack. Crisis worker Shannon Shape failed to treat him.

- Crowley has a mental illness that was not treated when he was incarcerated at the Columbia Correctional Institution.

OPINION

Fed. R. Civ. Pro. 20, prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that both arises out of the same transaction or occurrence or series of

2

transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); 3A *Moore's Federal Practice* § 20.06, at 2036-45 (2d ed. 1978).  In other words, a plaintiff may assert claims against more than one defendant if he asserts that all of the defendants were involved in the same alleged wrongdoing.

Fed. R. Civ. Pro. 8 requires that a complaint set forth:  (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.

Here, there are two plaintiffs.  Green claims that while he was at the Wisconsin Secure Program Facility, he was denied treatment for his medical and mental health needs.  Although he alleges that specific individuals at that institution denied him treatment, he does not name those individuals as defendants in the complaint.

Crowley alleges that he was denied mental health treatment at the Columbia Correctional Institution by the named defendants who are employed there.

These two claims do not arise from the same set of transactions, and they are not against the same defendants.  In fact, Green's claims arise from incidents occurring at a different institution than the incidents giving rise to Crowley's claims.  Therefore Rule 20 forbids the plaintiffs from bringing both of these claims in one action.

In addition, the complaint has Rule 8 problems because plaintiffs do not state a short and plain statement of the claim for relief.  Here are the Rule 8 problems: Green alleges facts that he was denied medical treatment at the Wisconsin Secure Program Facility by certain individuals but he does not name those individuals as defendants in this complaint.  Although Crowley alleges that he was denied mental health treatment at the Columbia Correctional Institution, he

3

does not allege that any of the named defendants were aware of his serious mental health need and were deliberately indifferent to it.  Finally, to the extent that plaintiffs are seeking to bring a class action, they have not sufficiently identified any class of which they are representatives. *See* Fed. R. Civ. P. 23(a).

The court will give plaintiffs an opportunity to file an amended complaint that complies with Rule 20 and Rule 8.  Specifically, plaintiffs will need to allege that their claims are against the same defendants and arise from the same transactions.  Further, they will have to explain *how* their rights were violated and *who* violated them, naming names.  Those people who allegedly violated plaintiffs' rights must be named as defendants in the caption of the complaint.

But if plaintiffs' facts and their claims are different from each other, so that they cannot file a complaint that complies with Rule 20, then each plaintiff may file his own, separate amended complaint that sets out just his individual claim (also being specific as required by Rule 8).  Then the court will sever this case into two separate actions, one for each plaintiff.

Green and Crowley may have **until July 15, 2011, to file one amended complaint or two individual complaints** that comply with Rules 8 and 20 and with this opinion and order. If they do this, then the court will take the amended complaint or complaints under advisement for screening of the dismissed claims pursuant to 28 U.S.C. § 1915(e)(2).  If the plaintiffs fail to respond to this order to this order by July 14, 2011, however, the case will remain closed.

4

ORDER

IT IS ORDERED that:

(1) Plaintiffs Green and Crowley's complaint is DISMISSED WITHOUT PREJUDICE because they did not comply with Fed. R. Civ. P. 8 and 20;

(2) Plaintiffs may have until July 15, 2011,to file an amended complaint, or two individual complaints that comply with Fed. R. Civ. P. 8 and 20; and

(3) If plaintiffs fail to file an amended complaint by July 15, 2011, then the clerk's office is directed to close this case.

Entered this 17th day of June, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge